## LAWSON v. McKENZIE.

1. **Contract**: SPECIFIC PERFORMANCE: PROMISSORY NOTE. M. agreed to convey certain realty to L. upon consideration that the latter should pay two notes of the former as they matured; the notes were secured by a mortgage upon the land in question; L., upon paying the notes, caused them to be transferred to him by indorsement and then demanded his deed, stating that the notes and mortgage were in his possession: *Held:*

    1. That the notes in the hands of L. became immediately discharged.

    2. That he was not bound to make a tender of them to M. as a condition precedent to his right to demand a deed.

    3. That he was entitled to specific performance of the contract to convey.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, DECEMBER 6.

THIS action was brought to enforce the specific performance of a contract, which was in the following words:

" This agreement, made and entered into this 19th day of January, 1875, witnesseth that M. McKenzie hereby agrees to

convey to Ole Lawson or his assigns the southwest quarter of the southwest quarter of section 28, township 94, range 41 west, on condition that said Ole Lawson shall pay off and discharge two promissory notes this day given by M. McKenzie to Gabriel Knapp of Colorado, each for $250.00, and due in one and two years after date. Signed this 19th day of January, 1875.                    M. McKenzie."

The plaintiff avers in his petition that he has paid off and discharged the two said notes. The answer denies the averment. Other facts are stated in the opinion. Decree for plaintiff. Defendant appeals.

*John H. Keatly*, for appellant.

*Watkins & Williams*, for appellee.

Adams, J.—The notes in question were secured by a mortgage which covered the forty acres in question, and also
1. CONTRACT: another forty acres belonging to the defendant,
specific per-
formance: and were given for part of the purchase money of
promissory
note. the two said tracts. The question in the case is as to whether the plaintiff had performed his part of the contract at the commencement of the action. The evidence shows that the plaintiff, before the notes matured, became apprehensive that the defendant would refuse to perform the contract on his part. When, therefore, he paid Knapp, the holder of the notes, the amount due thereon, he caused the notes to be transferred to himself by indorsement. The appellant claims that, such being the fact, they cannot be considered as paid. If, however, plaintiff was under obligation to pay the notes, then, as between him and the defendant, the payment made by plaintiff to Knapp operated as a discharge of the notes, and not as a purchase of them. What, then, does the evidence show in regard to plaintiff's obligation to pay them? It shows that the land in question was purchased by defendant for plaintiff; that the notes were given for plaintiff's accommodation, and that defendant took the title to the land as security. Under these circumstances, if the defendant

had paid the notes, we have no doubt he could have collected the amount of the plaintiff. If so, the plaintiff's transaction with Knapp was not a purchase of the notes. The plaintiff could not have collected them of the defendant. The notes and mortgage then in the plaintiff's hands became immediately discharged.

The defendant doubtless was entitled to the possession of the notes and mortgage upon the delivery by him of a deed of the land to the plaintiff. But it was not incumbent upon the plaintiff to make a tender of the notes and mortgage as a condition precedent to his right to demand a deed. The evidence shows that plaintiff, when he demanded a deed, had the notes and mortgage with him, and so informed the defendant. There is no evidence that the plaintiff was unwilling to surrender the notes and mortgage upon receiving a deed. The defendant's refusal to deed was based upon other grounds. Such being the fact, we do not think that the defendant can now properly object that no tender was made of the notes and mortgage.

AFFIRMED.